IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA ) | MAG. NO. 03-0197 BMK |
| ) | |
| VS. ) | SEARCH WARRANT ON |
| ) | WRITTEN AFFIDAVIT |
| COMPAQ PRESARIO COMPUTER, S/N ) | |
| 2H14JD56GOAT, AND RELATED OR ) | |
| ASSOCIATED ELECTRONIC DATA PROCESSING ) | |
| AND STORAGE DEVICES, COMPUTER SYSTEMS ) | |
| INCLUDING CENTRAL PROCESSING UNITS; ) | |
| INTERNAL AND PERIPHERAL STORAGE ) | |
| DEVICES SUCH AS FIXED DISKS, EXTERNAL ) | |
| HARD DISKS, FLOPPY DISK DRIVES AND ) | |
| DISKETTES, TAPE DRIVES AND TAPES, ) | |
| OPTICAL STORAGE DEVICES OR OTHER ) | |
| MEMORY STORAGE DEVICES; PERIPHERAL ) | |
| INPUT/OUTPUT DEVICES SUCH AS ) | |
| KEYBOARDS, PRINTERS, VIDEO DISPLAY ) | |
| MONITORS, OPTICAL READERS, AND ) | |
| RELATED COMMUNICATIONS DEVICES SUCH ) | |
| AS MODEMS; TOGETHER WITH SYSTEM ) | |
| DOCUMENTATION, OPERATING LOGS AND ) | |
| DOCUMENTATION, SOFTWARE AND ) | |
| INSTRUCTION MANUALS, SEIZED FROM ) | |
| 1907B CROTON PLACE, HONOLULU, HI ) | |
| ON FEBRUARY 26, 2003, ) | |
| ) | |

## SEARCH WARRANT ON WRITTEN AFFIDAVIT

TO:   ANY DULY AUTHORIZED FEDERAL LAW ENFORCEMENT OFFICER IN THE STATE OF HAWAII.

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
**NAME AND OFFICIAL POSITION OF AFFIANT**: INVESTIGATOR CHARLES L. YATES

**AFFIANT'S FED. LAW ENFORCEMENT AGENCY**: 15TH SECURITY FORCES SQUADRON, CRIMINAL INVESTIGATIONS, UNITED STATES AIR FORCE

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
**PROPERTY TO BE SEARCHED:**
COMPAQ PRESARIO COMPUTER, S/N 2H14JD56GOAT, AND RELATED OR ASSOCIATED ELECTRONIC DATA PROCESSING AND STORAGE DEVICES, COMPUTER SYSTEMS INCLUDING CENTRAL PROCESSING UNITS; INTERNAL AND PERIPHERAL STORAGE DEVICES SUCH AS FIXED DISKS, EXTERNAL HARD DISKS, FLOPPY DISK DRIVES AND DISKETTES, TAPE DRIVES AND TAPES, OPTICAL STORAGE DEVICES OR OTHER MEMORY STORAGE DEVICES;

PERIPHERAL INPUT/OUTPUT DEVICES SUCH AS KEYBOARDS, PRINTERS, VIDEO DISPLAY MONITORS, OPTICAL READERS, AND RELATED COMMUNICATIONS DEVICES SUCH AS MODEMS; TOGETHER WITH SYSTEM DOCUMENTATION, OPERATING LOGS AND DOCUMENTATION, SOFTWARE AND INSTRUCTION MANUALS, SEIZED FROM 1907B CROTON PLACE, HONOLULU, HI ON FEBRUARY 26, 2003
**PARTICULAR ITEMS TO BE SEARCHED FOR AND SEIZED:** Evidence on the computer related to the production and use of fraudulent checks.

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

WHEREAS, an Affidavit has been made before me by the above-named Affiant, with the Affidavit attached hereto and incorporated herein by reference, and that said Affiant has probable cause to believe that, in the item found in 1907B Croton Place, Honolulu, Hawaii on February 26, 2003 and listed above in the caption and the "Property to be searched" section, there is evidence of a violation of Title 18, United States Code, Sections 641 and 1344.

NOW, THEREFORE, YOU ARE HEREBY COMMANDED to search on or before ten (10) days after the issuance of this warrant the property named above for the items set forth in Attachment A, and prepare a written inventory of the property searched and promptly return this warrant to any Judicial Officer of this Court as required by law.

DATED: March 14, 2003, AT HONOLULU, HAWAII.   1:45 p.m.

_____
BARRY M. KURREN
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF HAWAII

MAG NO. 03-0197 BMK (SEARCH WARRANT)

**ATTACHMENT A**

<u>ITEMS TO BE SEARCHED AND SEIZED</u>

COMPAQ Presario computer, S/N 2H14JD56GOAT, and related or associated electronic data processing and storage devices, computer systems including central processing units; internal and peripheral storage devices such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, optical storage devices or other memory storage devices; peripheral input/output devices such as keyboards, printers, video display monitors, optical readers, and related communications devices such as modems; together with system documentation, operating logs and documentation, software and instruction manuals.

## AFFIDAVIT OF CHARLES L. YATES

I, Charles L. Yates, having been duly sworn, deposes and states as follows:

1. I am a Criminal Investigator in the United States Air Force currently assigned to the 15th Security Forces Squadron (SFOI), Criminal Investigations Section. I have been a Criminal Investigator with Security Forces since October of 1999. One of my duties as an investigator is to investigate violations of local, military, and federal statutes. I have also served as a law enforcement officer for a total of 14 years.

2. During my employment with SFOI, I have received training in criminal investigations. This training was obtained locally, at various assignments during my Air Force career and at specialized learning institutions, such as the Military Police Investigator Course at Fort Leonard Wood, Missouri. In addition to this training, I have an associates degree in Security Administration. In the course of my training and experience, I have learned of the evidentiary value of electronically stored information, such as internet correspondence/activity and data stored on personal desk and laptop computers.

3. On February 26, 2003, I was notified by BROSE, Brian K., Army Air Force Exchange Service (AAFES), Hickam Air Force Base, Hawaii, of suspected fraud using personal checks. Mr. Brose is an AAFES security detective who monitors all AAFES operated facilities on Hickam Air Force Base for criminal activity. BROSE is also able to check other AAFES facilities, via computer, worldwide for criminal activity.

4. Since February 26, 2003, I have been investigating several fraud cases that took place at various AAFES facilities on military installations on the Island of Oahu. The primary SUBJECT of this investigation is PICKENS, Therese Pinaulea, SSN: 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, DOB: 1 October 1975. The evidence that I have gathered thus far indicates that PICKENS, T. may have used her personal computer to manufacture fraudulent personal checks, which she then uses to make purchases at AAFES facilities on military installations in Hawaii.

5. I am familiar with the facts set forth in this affidavit based upon my personal knowledge, witness statements, and information provided to me by several of the financial institutions used to create the fake accounts from which the checks were written. My investigation to date has revealed the following:

   a. On or about February 26, 2003, Mr. Brose gave me approximately 48 personal checks bearing the names of US Army E-4 PICKENS, Arthur K., PICKENS, Therese Pinauela (spouse/suspect), and PRESTON, M. P. (stepdaughter), which were written for merchandise and cash at various AAFES facilities throughout the Island of Oahu, Hawaii from December 18, 2002 to February 18, 2003. The checks totaled approximately $14,000 and all were returned to AAFES "account not found." The checks appeared fraudulent, in that two checks had identical check numbers, several had incorrect addresses and telephone numbers, and the format of the checks from Middletown Valley Bank varied. Of that total, 36 checks, written for approximately $10,000 total, were signed with the name PICKENS, Therese P., and were written

within a 12-day period between December 18, 2002 to December 30, 2002. The checks were titled with the names of both PICKENS. The checks had the names of no less than three separate financial institutions and up to four different account numbers.

    b. As a result, I asked PICKENS, A., to consent to a search of his military assigned quarters, 1907B Croton Place, Honolulu, HI 96818, located within the Aliamanu Housing Area for any evidence relating to this investigation. PICKENS, A., consented to the search of his quarters and was present during that search.

    c. SADECKI, James J., another 15th Security Forces criminal investigator, and I searched the PICKENS' residence on February 26, 2003, at 2255 hours. The search revealed the following:

    (1) Several printed checks from two additional financial institutions.

    (2) A computer software program on a CD for the installation and production of checks on a personal computer. An empty, open box for another computer software program for the manufacture of personal checks was also found on the computer desk.

    (3) Several hundred pieces of various sized check-making stationary and printed checks, that were identical to the checks returned to AAFES, except for the actual check numbers.

    (4) COMPAQ Presario computer, S/N 2H14JD56GOAT which was connected to a scanner and printer and located on the desk where the software, stationary and printed checks were found.

    (5) One scanned business check from Chinen and Arinaga Financial Group that was stolen from a mailbox on January 2, 2003, in the Hawaii Kai area of Oahu. This theft was reported under Honolulu Police Department report #03-007159.

    (6) One printed, unsigned check with the name Manu N. Brown, Wachovia Bank, Columbia, SC, account #323955773. This person/account is the subject of an ongoing investigation by my office into another check fraud case with AAFES estimated at approximately $8,600.00. BROWN's checks were also returned to AAFES "account not found."

All items were seized via Air Force Form 52, Evidence Tag and placed into evidence. The personal computer was detained in order to obtain a warrant to search the contents of the computer where I expect to find evidence of check fraud.

After searching the PICKENS' residence, I contacted the financial institutions named on the returned checks to determine the status of the accounts on the checks. Two of the financial institutions, Wachovia Bank and Middletown Valley Bank, reported that the PICKENS never had an account with their institutions and the account numbers on the checks do not exist and are not in their current range of account numbers.

    d. PICKENS, A., stated one of the accounts in question, American Savings Bank, was an old account used by him and his wife and was

closed over a year ago. Several checks, totaling approximately $8,000, were written from this account. PICKENS, A., stated he was unaware that he or his wife ever had accounts with the other identified banks: Wachovia, Middletown Valley, City Bank and Central Pacific Bank.

    e. In addition, PICKENS, A., is an E-4 in the U.S. Army, and PICKENS, T., is not currently employed. There are three children ranging between the ages of 11 and 16 years being supported and living in the house. While conducting the search of the PICKENS' residence, Investigator Sadecki and I noticed several high dollar items in the house, such as 4 computers, 3 playstations, and five televisions.

    f. ROSETE, Jonelyn, a family friend staying temporarily at the PICKENS' residence, was interviewed and stated that she observed PICKENS, T., make and print checks from a fictional account with Middletown Valley Bank with ROSETE's name on them. She stated that she saw PICKENS, T. use the detained computer to make the checks. The checks have the same stationary and format as the other returned checks, under the name Therese Pickens.

    g. PICKENS, T., is the primary suspect in this investigation, and according to PICKENS, A., she was the only user of the detained computer that is protected by a password set by PICKENS, T. I am requesting authorization to have the computer searched by the Air Force Office of Special Investigations, where I expect to find evidence on the computer related to the production and use of fraudulent checks.

6. Wherefore, your affiant believes that based upon the information contained herein, combined with my experience and training, there is probable cause to believe:

    a. That Therese P. Pickens committed violations of Title 18, United States Code, Section 641, by committing theft of government property, and Title 18, United States Code, Section 1344, by defrauding a financial institution.

    b. That evidence of this crime is located on the COMPAQ Presario computer, S/N 2H14JD56GOAT, detained from the military assigned quarters, 1907B Croton Place, Honolulu, HI 96818, located within the Aliamanu Housing Area and occupied by the PICKENS family.

    c. That the computer, scanner and printer constitute property used as a means for committing a criminal offense.

**RETURN ON SEARCH WARRANT**

United States v. Compaq Presario Computer, S/N 2H14JD56GOAT, and Related or Associated Electronic Data Processing and Storage Devices, Computer Systems Including Central Processing Units; Internal and Peripheral Storage Devices Such as Fixed Disks, External Hard Disks, Floppy Disk Drives and Diskettes, Tape Drives and Tapes, Optical Storage Devices or Other Memory Storage Devices; Peripheral Input/output Devices Such as Keyboards, Printers, Video Display Monitors, Optical Readers, and Related Communications Devices Such as Modems; Together with System Documentation, Operating Logs and Documentation, Software and Instruction Manuals, Seized from 1907b Croton Place, Honolulu, Hi on February 26, 2003

Mag. No. 03-0197 BMK
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
DATE SEARCH WARRANT RECEIVED:March 14, 2003
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
DATE AND TIME AMENDED SEARCH WARRANT EXECUTED:
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
COPY OF AMENDED SEARCH WARRANT AND RECEIPT FOR ITEMS LEFT WITH/AT:


++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE AMENDED SEARCH WARRANT [Any additional pages attached to this Return are incorporated herein by reference]:




++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
**CERTIFICATION**
    I swear that this inventory is a true and detailed account of the person or property taken on this amended search warrant, to the best of knowledge and belief.

Subscribed, Sworn to, and
Returned Before the Undersigned,    _____
on the Date set forth below.        AFFIANT



_____      _____
BARRY M. KURREN
U.S. MAGISTRATE JUDGE               DATE

3